**FORM A**

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, **42 U.S.C. § 1983**

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA



Samuel Lee Lockett III
#6815836

(Enter above the **FULL** name and inmate
number of the plaintiff or
plaintiffs in this action.)

John Doe C/O Horn, Corr. Officer, IMCC;
vs.
~~Iowa Dept. of Corrections~~;
David Hiedman, Senior C/O, IMCC;
Adam Healey, C/O, IMCC;
Shane Woods, Mental Health Supv, IMCC;
Scott Eschen, Mental Health Supv, IMCC;
Kathy Eschen, Correctional Supv, IMCC;
Cassandra Cass, Psych DR, IMCC;

(Enter above the **FULL** name of each
defendant in this action.)

**COMPLAINT**

(**NOTE:** If there is more than one plaintiff, the information in parts I and II should be shown for EACH plaintiff by name, using a separate sheet of paper.)

I.     Previous Lawsuits:

    A)  Have you begun other lawsuits is state or federal court dealing with the <u>same facts</u> involved in this action or otherwise relating to your imprisonment?    ☐Yes   ☒No

    B)  If your answer to A is "YES", please answer the questions 1 through 7. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same outline.)

        1.) Parties to this previous lawsuit: N/A

            Plaintiffs: N/A
            Defendants: N/A

        2.) Court (If federal court, name the district; if state court, name the county.) N/A

3.) Docket Number: N/A

4.) Name of Judge to whom case was assigned: N/A

5.) Disposition, if known (for example: Was the case dismissed? Was it appealed? Is it still pending?) N/A

6.) Approximate date of filing lawsuit: N/A

7.) Approximate date of disposition: N/A

II. Place of confinement:

A) Is there a prisoners grievance procedure in this institution?
☑ Yes   ☐ No

B) Did you present the facts relating to your complaint in the state prisoner grievance procedure?
☑ Yes   ☐ No

C) If your answer is **Yes**,

1.) What steps did you take? Filed a Grievance

2.) What was the result? Grievance Denied

If your answer was **No**, explain why not: N/A

D) If there is no prison grievance procedure in the institution, did you complain to prison authorities?
☐ Yes   ☐ No

E) If your answer is **Yes**: N/A

1.) What steps did you take? N/A

2.) What was the result? N/A

III. Parties

(In item **A** below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A) Name of Plaintiff: Samuel Lee Lockett III
   Address: I.S.P.; P.O. Box 316; Ft. Madison, IA 52627

B) Additional Plaintiffs: N/A

5

(In item **C** below, place the full name of the defendant in the first blank, and his official position in the second blank, and his place of employment in the third blank. Use item **D** for the names, position, and places of employment of any additional defendants.)

C) Defendant: _____ is employed as _____ at See Attached ; page 6.I.

D) Additional Defendants: See Attached page 6.I.

IV. Jurisdiction

This complaint is brought pursuant to 42 U.S.C., § 1983, and jurisdiction is based on 28 U.S.C. § 1343 (c). Plaintiffs(s) allege(s) that the defendant(s) acted under color of state law with regard to the facts stated in part V of this complaint.

V. **Statement of Claim**

(State here as briefly as possible the **FACTS** of your case. You **MUST** state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved (for example, other inmates) and state the date and place of all events. Attach an extra sheet if necessary and write the heading **PART V CONTINUED** at the top of the sheet. Keep to the facts. Do not give any legal arguments or cite any cases.) See Attached pages 6.I. theu 6.VII.

VI. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. **Do not cite cases or statutes.**) See Attached pages 6.VII theu 6.X.

VII. Statement regard Assistance in preparing this Complaint.

A) Did any person other than a named plaintiff in this action assist you in preparing this complaint?
☑Yes  ☐No

B) If your answer is **Yes**, name the person who assisted you. Ambus Ray Davis-EL III

C) Signature of person who helped prepare this complaint.
Without Prejudice
_____-EL III_____     6-27-16
(SIGNATURE)                               (DATE)

VIII. **Signature(s) of Plaintiff(s)**
Signed this _____ day of 6-27 20 16.    6/27/16

6


LARS RUDE
Commission Number 795011
My Commission Expires
March 09, 2019

Part III. Continued: Parties

1. C) Defendant: Adam Healey, Correctional Officer

2. D) Additional Defendants: ~~Iowa Dept. of Corrections~~;
3. Shane Woods, Mental Health Supv., IMCC;
4. Scott Eschen, Mental Health Supv., IMCC;
5. Kathy Eschen, Correctional Supv., IMCC;
6. Cassandra Coss, Psych Dr., IMCC;
7. David Hiedman, Senior Correctional Officer, IMCC;
7A. John Doe C/O Horn, Correctional Officer, IMCC;

Defendants in this case at all relevant times were acting under color of law and all ~~except Iowa Dept.~~ ~~of Corrections~~ are being sued in their Individual capacity.

Part II. Continued: Statement of Claim

8. On Feb 18, 2016 Plaintiff was in IMCC Oakdale for mental health reasons due to being diagnosed with the following: Cognitive Thinking Disorder; Impulse Control Disorder; Bipolar Disorder Type II; Anti Social Personality Disorder; Intermittent Explosive Disorder; and Borderline Personality Disorder.

9. On Feb 18, 2016, Plaintiff was in IMCC Oakdale on P-Unit. Plaintiff was placed on a cuff status due to a verbal comment made while two other inmates were fighting.

10. On Feb 18, 2016, Plaintiff's food port was opened by Correctional Officer Adam Healey so he could

6.I.

Retrieve food trays.

11. Plaintiff stuck his arm (Right arm) out of the food port and asked Adam Healey to call a Captain or a Lt. He asked plaintiff why, and plaintiff stated: He would explain that when the Ranking officer came.

12. Adam Healey sat down the four or five trays he had in his hand and asked me to put my arm back into the food port, that he and I are on a good Rapport and it would fall on him if the plaintiff did not comply being that Healey was the one who opened the food port.

13. Plaintiff stated, "that this is not about you (Healey) and don't make this about you. This is about me being on cuff status when I felt I did nothing wrong."

14. Plaintiff explained to Healey that when an prisoner Refuses his food port, it is his (Healey) job to call a Captain or Lt or someone higher in his chain of command. Then Plaintiff stated he was done talking until a Ranking Officer arrives.

15. Defendant Healey then placed his Right hand on the bottom of the food port and said this is his last warning and if the plaintiff did not put his arm in, he would make him put it back in.

16. Plaintiff then put his entire arm (Right arm) out of the food port with his left hand bracing the latch to prepare himself for the officer to twist his arm.

6.II.

17. Defendant Healey then began to attempt to force the food port close. Plaintiffs left hand fingers were instantly caught in the mechinisim of the food port.

18. Defendant then stated that he'd snatch his hand off and yanked upward on the port causing the complete amputations through his third and fourth distal phalanx.

19. Defendant Healey then called for a code blue meaning medical emergency. A team assembled to the plaintiffs cell and instructed him to cuff up while bleeding and fingers amputated.

20. Plaintiff informed the officers that he would not turn his back on c/o Healey as Plaintiff was in fear due to the fact his fingers had been caught in the food port by force from Healey.

21. After 10 minutes or so, they agreed to cuff the plaintiff with a belly chain.

22. Physical Assistant Kyle Parks assessed the seriousness of the situation and told them the plaintiff needed to go to the emergency room.

23. Once in the process/intake area, the officers took their time and demanded forcefully that I strip out and get naked.

24. Plaintiff explained that he was in major pain and mentally confused and the most important thing was

6. III.

his safety and health.

25. Plaintiff explained to Senior Correctional Officer David Hiedman that I only had on a t-shirt, a pair of underwear, shoes, and socks and I'm bleeding and need to see a doctor.

26. David Hiedman told the plaintiff that failing to strip out will result in the plaintiff being put back in a cell to bleed to death for all he (Hiedman) cared.

27. Plaintiff was then in shock and was very frightened because the staff was acting so nonchalant about the situation, and they were not concerned about the plaintiffs well being and health but only concerned with security protocol during an emergency.

28. Senior officer Hiedman told the plaintiff this and due to his mental issues became angry, afraid, confused, and lost.

29. Plaintiff then told the officers that they will take me to the hospital or be in violation of my constitutional rights and there will be consequences if they don't take me to the hospital.

30. Officer Hiedman seemed to get angry and took my statement as a threat. He then jumped on me and told me that I have no rights as an inmate.

31. Plaintiff was then forced into a cell and then strapped down for an hour while bleeding and injured.

6. IV.

32. Plaintiff was then given some type of shot while injured and can vaguely recall going to the hospital or coming back from the hospital.

33. Sometime between Feb. 18, 2016 and March 18, 2016, Plaintiff was ordered to be strapped down in a cell by Cassandra Cass after being forced to the ground and stripped of his clothing after a cell move. Plaintiff did not resist during this ordeal.

34. While being strapped down for at least four hours, he was not given an offer to use the bathroom, nor a limb break.

35. Sometime between April 3, 2016 and April 14, 2016, The Plaintiff was on O unit in IMCC Oakdale. Plaintiff was placed on O-unit due to the defendant Healey over exaggerating reports getting the Plaintiff lockdown in retaliation of the Plaintiff claiming to file legal action.

36. Mental Health supervisor Shane Woods was made aware of the friction and retaliation from Defendant Healey.

37. Plaintiff had finished eating and went into his cell to lockdown, forgetting to change his bandages on his injured hand.

38. After realizing that the bandages needed to be changed, Plaintiff asked C/O Horn if he could open his cell door so he could speak with the nurse in regards to changing the bandage.

39. C/O Horn told Plaintiff no, that Plaintiff will get it when he gets it. Plaintiff asked what that meant and asked again to see the nurse. C/O Horn again said, He'll get it when he

gets it.

40. Plaintiff then asked for the C/O to open his door for Rec. time. Once the door was open, Plaintiff said now that the door is open, he guesses he'll just have to walk to the nurses station.

41. C/O Hoen Responded that the Plaintiff won't or else, ~~@Hoen~~ and he'd better lockdown.

42. Plaintiff faced the officer so he could speak with him face to face. Plaintiff asked the officer (Hoen) not to disrespect him because he was not being disrespectful to him. Plaintiff was only Requesting to get his medical supplies for the injury.

43. Plaintiff was then escorted back to his cell after C/O Hoen called for backup.

44. Once inside the cell, Hoen took Plaintiff's green tag and Replaced it with a Red tag which made him from free population to lockdown status.

45. Plaintiff stated that Hoen had no Reason to take his green tag and Hoen stated that he would lie and state that the Plaintiff claimed to ~~assault~~ attempt to punch him.

46. ~~Defendant~~ Shane Woods checked the video footage and saw that the Plaintiff did not attempt to assault C/O Hoen and threw the Report out.

47. Shane Woods advised Plaintiff on that Friday that he'd get his level back on Wed. if there is no more

6.VI.

issues.

48. The next day, C/O Hoen wrote another fabricated report claiming that the Plaintiff threatend to assault him once he received his level back.

49. Due to the officers second false report, The Plaintiff was shipped out of the facility because the officer claimed he was in fear of being harmed, and all good time was taken.

50. Defendant Shane Woods allowed Plaintiff to be retaliated against and moved from a facility that was paramount in the healing of his mental health and treatment.

51. Plaintiff was moved to a facility that has no mental health treatment.

52. Plaintiff has six mental disorders and is now in segregation.

53. Plaintiff grieved the issue of the physical harm done to him. Defendant Kathy Eschen denied my claim.

54. Defendant Kathy Eschen was not an impartial party as her husband Scott Eschen is in part responsible by being the mental health supervisor.

Part VI. RELIEF.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

6.VII.

A. Declare that Defendant Adam Healey violated Plaintiff's Eighth Amendment Rights by using excessive force in violation of The Cruel and Unusual Punishment Clause by forcefully slamming Plaintiff's fingers in the food port causing them to be amputated;

B. Declare that Defendant Adam Healey violated Plaintiff's Fourth Amendment Right by using excessive force which resulted in injury and said force was ~~reasonable~~ objectively unreasonable;

C. Declare that Defendant David Hiedman violated Plaintiff's Rights from Cruel and Unusual Punishment by telling Plaintiff he has no rights and restraining Plaintiff while he had a serious injury;

D. Declare that Defendant Cassandra Cass violated Plaintiff's Eighth Amendment Rights from Cruel and Unusual Punishment by having him strapped in restraints for at least four hours with no bathroom or limb breaks;

E. Declare that Defendant Shane Woods violated Plaintiff's First Amendment Right not to be retaliated against for claiming he is filing a lawsuit;

F. Declare that Defendant John Doe (C/O Horn) violated Plaintiff's First Amendment Right not to be retaliated against for claiming he is filing a lawsuit;

G. Declare that Defendant Scott Eschen violated Plaintiff's First Amendment Right not to be

6, VIII.

Retaliated against for claiming he is filing a lawsuit;

H. Declare that ~~Defendant Iowa Department of Corrections~~, Defendant Shane Woods, Defendant Scott Eschen, Defendant Cassandra Cass, all violated Plaintiff's Eighth Amendment right by deliberate indifference to serious mental health; and gross departures from professional standards in treatment.

I. Declare that ~~Defendants, Iowa Dept of Corrections~~, Defendant Shane Woods, and Defendant Scott Eschen violated Plaintiff's Eighth Amendment Right of Cruel and Unusual Punishment for housing a mentally ill prisoner under conditions of extreme isolation.

J. Issue an injunction requiring Defendants Shane Woods, Scott Eschen and Cassandra Cass provide Defendant the proper mental health care.

K. Issue preliminary injunction requiring Removal of mentally ill Plaintiff from "supermax" prison conditions in solitary confinement.

L. Issue preliminary injuction requiring Plaintiff to have all of his lost good time granted back to him.

M. Award compensatory damages for Plaintiff's physical and emotional injuries, and punitive damages against each defendant;

6. IX.

and

N. Grant Plaintiff such other Relief as it may appear Plaintiff is entitled to.

I declare under penalty of perjury that the following is true and correct.

_[signature]_
Signature
6-27-16
Date



6/27/16

6.X.

*[signature]*     6/27/16   6-27-16

_____
(Signature of Plaintiff)

Signatures of additional plaintiffs, if any:

_____

_____

_____

_____

_____

_____

**LARS RUDE**
Commission Number 795011
My Commission Expires
March 09, 2019
*(Notarial Seal, Iowa)*

Samuel Lockett

P.O Box 316

Fort Madison IA 52627

NOTICE: This correspondence was mailed from an institution of the Iowa Department of Corrections.

LEGAL MAIL

Clerk - U.S. District Court

P.O. Box 9344

Des Moines, IA 50306-9344

X-RAYED & CLEARED BY U.S.M.S.